IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MARCUS BERNARD WILLIAMS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CIVIL ACTION NO.** |
| v.  ) | **1:07-cv-1276-KOB** |
| ) | |
| **STATE OF ALABAMA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER ON PETITIONER'S RULE 59(e) MOTION
## TO ALTER OR AMEND THE JUDGMENT

On April 17, 2019, the court entered a "Memorandum Opinion" and a "Final Judgment," denying Williams' petition for writ of habeas corpus seeking relief from his state court conviction for capital murder and death sentence pursuant to 28 U.S.C. § 2254, and denying a certificate of appealability. (Docs. 94 and 95). On May 14, 2019, Williams filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (Doc. 98). The State filed a brief opposing the motion on June 28, 2019. (Doc. 100). Williams filed a reply brief on July 29, 2019 (Doc. 101).

For the following reasons, the court finds that it made a manifest error of law in assessing Williams's future dangerousness in weighing the mitigating and aggravating circumstances in this case and will RECONSIDER its decision to deny habeas relief in light of this error.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) allows an aggrieved party to move to "alter or amend a judgment." The decision whether to grant a Rule 59 motion lies within the sound discretion of the district court. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040 (2007). The relief under Rule 59(e) is narrow, only available for "'newly-discovered evidence or manifest errors of law or fact.'" *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (quoting *Arthur*, 500 F.3d at 1343).

## DISCUSSION

In reviewing Williams' motion for reconsideration, the court discovered that it failed to evaluate Williams' future dangerousness in light of two relevant Supreme Court decisions: *Simmons v. South Carolina*, 512 U.S. 154  162 (1994) and *Buck v. Davis*, 137 S. Ct. 759, 776 (2017). Both cases suggest that this court did not properly weigh Williams' future dangerousness against all of the mitigating factors in the circumstances of this case.

In *Simmons*, the Supreme Court acknowledged that it "has approved the jury's consideration of future dangerousness during the penalty phase of a capital trial" because a defendant's future dangerousness "bears on all sentencing recommendations." *Simmons*, 512 U.S. at 162.  But, the Supreme Court held that

2

"where the defendant's future dangerousness is at issue, and state law prohibits the defendant's release on parole, due process requires that the sentencing jury be informed that the defendant is parole ineligible."[1]  *Id*. at 156.

The Court in *Simmons* reasoned that, in assessing future dangerousness during the penalty phase of a capital trial, "the actual duration of the defendant's prison sentence is indisputably relevant" because a jury could "view a defendant who is eligible for parole as a greater threat to society than a defendant who is not.  Indeed, there may be no greater assurance of a defendant's future nondangerousness to the public than the fact that he never will be released on parole."  *Id*. at 163-64.  The Supreme Court stated that "the fact that the alternative sentence to death is life without parole will necessarily undercut the State's argument regarding the threat the defendant poses to society."  *Id*. at 169.

The Supreme Court again in 2017 reiterated how a sentence of life in prison without the possibility of parole could minimize a defendant's future dangerousness.  In *Buck*, the defendant's sentence of death under Texas law required that the State prove that he posed a threat of future dangerousness.  *Buck*, 137 S. Ct. at 767.  Buck's

---

[1] The Court noted that, although South Carolina death penalty statutes "do not mandate consideration of a defendant's future dangerousness in capital sentencing, the State's evidence in aggravation is not limited to evidence relating to statutory aggravating circumstances."  *Simmons*, 512 U.S. at 162-63.  Likewise, Alabama law does not mandate consideration of Williams' future dangerousness, but a jury can consider future dangerousness in capital sentencing.  *See Floyd v. State*, CR-13-0623, 2017 WL 2889566 at 63 (Ala. Crim. App. July 7, 2017).

counsel presented evidence from an expert that "his client is liable to be a future danger because of his race." *Id.* at 765.  In addressing the *Strickland* standard for ineffective assistance of counsel, the Supreme Court in *Buck* found that "no competent defense attorney would introduce such evidence about his own client." *Id.* at 775.

In assessing the prejudice prong of *Strickland*, the Court in *Buck* addressed the issue of "whether Buck had demonstrated a reasonable probability that, without Dr. Quitjano's testimony on race, at least one juror would have harbored a reasonable doubt about whether Buck was likely to be violent in the future."[2] *Id.* at 776.  In finding that Buck was prejudiced by his counsels' deficient performance, the Court addressed whether any mitigating circumstances would minimize Buck's future dangerousness.  The Supreme court stated that "Buck's prior violent acts had occurred outside of prison, within the context of romantic relationships with women." But the Court noted that "[i]f the jury did not impose a death sentence, Buck would be sentenced to life in prison, and no such romantic relationship would be likely to arise.  ***A jury could conclude that those changes would minimize the prospect of future dangerousness***." *Buck*, 137 S. Ct. at 776 (emphasis added).

---

[2] In Texas, a sentence of death requires an unanimous vote by the jury; if the jury vote is not unanimous, a defendant would receive life without parole.

The court in the present case correctly found that it can consider future dangerousness in determining "what weight should be afforded the aggravating circumstances that the State had proven," (doc. 94 at 45 n.9) (citing *Floyd*, 2017 WL 2889566 at 63). But this court failed to properly consider that future dangerousness in the context of Williams' ineligibility for parole in Alabama if the jury sentenced him to life imprisonment and not death. As Williams argued, the court did not adequately weigh his "non-dangerousness and suitability to incarceration for life without parole," including his lack of pre-trial disciplinary history, his good behavioral adjustment to prison, and his potential to be a "productive, law-abiding inmate." (Doc. 98 at 3, 15).

So the court finds that it made a manifest error of law in weighing evidence of Williams's future dangerousness without considering the alternative sentence of life without the possibility of parole and GRANTS Williams' motion for reconsideration (doc. 98). In light of this error, the court VACATES its Memorandum Opinion (doc. 94) and Order (doc. 95) denying Williams' habeas motion. After the court carefully re-weighs all of the aggravating and mitigating evidence in this case in light of all relevant and binding case law, the court will issue a new Memorandum Opinion and Order with its decision in this case.

DONE and ORDERED this 3rd day of March, 2020.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE